The opinion of the Court was delivered by
JOHNSTON, Oh.
It is stated generally in the bills, — particularly in that of Lazarus, — that the accounts contracted by William Fuller, were mostly for “necessaries for the family, and for the benefit of the trust estateand it is said in the other bill, that the demands. set up by Nix were for services rendered as overseer of the trust plantation.
It is very clear tha^mecessaries furnished for “ the family,” must stand upon a very different footing from advances made for the support (or to maintain the existence) of the trust estate. Advances made to a beneficiary, constitute a mere debt against him; and implicate the trust estate only so far as the interests *177 of sueb benéfíciary in it can be reached and subjected by proceeding in this Court.
William Fuller, who contracted the debts sued on in this case, was bound to support his family, and for the purpose of enabling him to do so, the interests which he has under the settlement were conferred upon him.
During the life of his wife, he had, with her, a joint right to the income and profits; and, her interests not being to her separate use, he had a control over the whole income; and this he should have employed to support “the family.” The children, during the lives of both their parents, had no interest in the income to be made the subject of a contract by themselves; and, besides, their infancy forbad their entering into contracts.
Upon inspecting the accounts filed with the bills, I do not find a single item which could justly be charged upon the corpus of the trust estate, or upon the interest of any other party than William Fuller, who made the contracts with the different creditors. There is not a single item which went to swell the value of the trust estate. There is a small portion of the goods taken up, which may have been designed for the use of the negroes, and other property covered by the settlement. But the annual food and clothing of the negroes, and other annual expenses of the plantation, should, certainly, constitute a charge upon the annual income, and be borne by him who was entitled to the income then accruing. These observations apply not only to the merchants, accounts, but also to the overseer’s wages; the obligations for all of which were incurred before the death of Mrs. Fuller, and while William Fuller was solely entitled to control the income. If the truste'e had contracted and paid these debts, he should have settled them with Mr. Fuller out of his income; and, being contracted by Mr. Fuller, himself, his share of the income should alone be resorted to for this payment.
If the demands in this case were chargeable to the children, there are some points which would deserve attention. For *178 example, look at tbe account of Lazarus. That account was opened the 1st of April, 1844, and closed the 1st of March, 1848. Mrs. Fuller died in September following, (1848,) until which time no interest accrued to the children under the settlement. The account amounted to one thousand and forty-one dollars and sixty-five cents: yet when it went into judgment, in March, 1849, it was swelled by the allowance of two hundred and twenty-nine dollars and fifty-two cents for interest, to one thousand two hundred and seventy-one dollars and seventeen cents; and by the terms of the confession, this, latter sum, (the whole, judgment, say one thousand two hundred and seventy-one dollars and seventeen cents,) which did not bear interest under the statute of 1815, was made to bear interests: and all this, it is contended, should be charged, pro rata, upon the children, William Fuller may be properly chargeable with it under his confession; but certainly, if the property or interest of the children were concerned, the demand should be abridged.
Looking to the grounds of appeal in this case, — so far as they have not been already observed upon, — it is not perceived that there is anything in the order of Chancellor Wardlaw to complain of. It certainly was quite irregular (by-the-by) to bring up, by an appeal on behalf of all the defendants, matters in which the infant defendants had an interest directly opposed to the grounds of appeal. This is manifestly the case with regard to the two first grounds set down in the brief.
The Chancellor, we think, has very properly protected the rights of the children, by his order. From the death of their mother, they were entitled to so much of the income as may be necessary to their maintenance and education. Ey his order this is reserved to them. The accounts of the trustee, which he has been ordered to report annually in this case, may be excepted to by any party who thinks the expenditures for the children unreasonable. The residue, only, of the income belongs to William Fuller; and of this the, order gives his creditors the benefit.
*179 This is all that is positively determined by the order. The point referred to the Commissioner is as yet merely speculative. When the report comes in, it will be time enough to except.
It is ordered that the appeal be dismissed; and the order appealed from affirmed.
Dunkin, Dakgan and WARDLAW, CO., concurred.
Decree affirmed.